Gail E. Cohen (093210), gcohen@barwol.com
Sarah Houshiar (235084), shoushiar@barwol.com
BARGER & WOLEN LLP
633 West Fifth Street, 47th Floor
Los Angeles, California  90071
Telephone:  (213) 680-2800
Facsimile:  (213) 614-7399

Attorneys for Plaintiff-in-Interpleader
Primerica Life Insurance Company, formerly known as Massachusetts Indemnity and Life Insurance Company

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PRIMERICA LIFE INSURANCE COMPANY, formerly known as MASSACHUSETTS INDEMNITY AND LIFE INSURANCE COMPANY,<br><br>　　　　Plaintiff-in-Interpleader,<br><br>　　vs.<br><br>KELLY ANN PORTER; C. E. P, a minor, H. R. P., a minor, CHARLES L. PORTER; LORNA BOYD, and DOES 1 through 20, inclusive,<br><br>　　　　Defendants-in-Interpleader. | **CASE NO.: CV08-03592 AHM (Ex)**<br><br>**Honorable A. Howard Matz**<br><br>**ORDER RE:**<br><br>**1. DISCHARGE AND DISMISSAL WITH PREJUDICE;**<br>**2. AWARD OF REASONABLE ATTORNEYS' FEES AND COSTS IN THE AMOUNT OF $16,756.47;**<br>**3. PERMANENT INJUNCTION.** |

Having considered the stipulation of the parties, and good cause appearing, the Court ORDERS as follows:

That Primerica and its agents are discharged of all liability with respect to the Policy or the proceeds of the Policy and are discharged with prejudice from all liability with respect to all rights and obligations arising under or relating to the Policy;

That Defendants-in-Interpleader and each of them, their agents, attorneys or assigns, are enjoined perpetually, restraining each of them, their agents, attorneys or assigns, from instituting any suit at law or equity, or action of any kind whatsoever, against Primerica with respect to the Policy or the proceeds of the Policy;

That Primerica is dismissed from this action with prejudice as to all claims relating to the Policy benefits and policy insuring the life of the Deceased; and

That Primerica is awarded its reasonable attorneys' fees and costs in the amount of $16,756.47, which Primerica was forced to incur in bringing its interpleader action, and which amount is to be paid from the Interpled Funds currently on deposit with this Court. The Court, accordingly, finds that no specific Defendant-in-Interpleader is responsible for payment.

**IT IS SO ORDERED.**

Dated: January 14, 2009

_____
Honorable A. Howard Matz
United States District Judge